**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FRANCES MURRAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No. 26-735 |
| | ) |
| LINCOLN NATIONAL CORPORATION, | ) |
| THE LINCOLN NATIONAL LIFE | ) |
| INSURANCE COMPANY, THE PNC | ) |
| FINANCIAL SERVICES GROUP | ) |
| DISABILITY INCOME PLAN, and THE | ) |
| PNC FINANCIAL SERVICES GROUP, INC., | ) |
| | ) |
| Defendants. | ) |

## <u>SCHEDULING ORDER FOR ERISA ACTION</u>

Because this matter is an ERISA denial-of-benefits action, there is no need for a Rule 26

Report or Initial Case Management Conference. The parties may request a conference with the

Court as needed. The proceedings will be conducted in accordance with the following deadlines:

1. **<u>Administrative Record:</u>** On or before **<u>July 6, 2026,</u>** defense counsel shall serve a copy

   of the administrative record upon counsel for Plaintiff. If the administrative record does

   not include the employee-benefits plan and summary-plan description, Defendant must

   obtain those documents and include them with the service package to the extent they

   previously have not been provided.

2. **<u>Alternative Dispute Resolution</u>**:  The parties are advised to comply with all ADR

   requirements pursuant to Local Rule 16.2 and in accordance with this Court's Order

   Referring Case to Alternative Dispute Resolution.

3. **<u>Statement Regarding Procedural Challenge</u>:** On or before **<u>September 4, 2026</u>**, each

   party shall file a pleading titled "Statement of Procedural Challenge in ERISA Case"

or "Statement of *No* Procedural Challenge in ERISA Case" as appropriate. A statement asserting a procedural challenge must state whether the party asserts a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias and must describe the nature of the procedural challenge. Statements of Procedural Challenge must contain a certification that the parties conferred in good faith to resolve or narrow any dispute regarding the existence of a procedural challenge and the scope of any related discovery. The Court may schedule a status conference of Counsel regarding any remaining disputes.

If there is a procedural challenge, the date for filing the Statement Regarding Standard of Review and Cross Motions set forth in the Sections below will be canceled, and the Court will schedule a conference to determine whether, or to what extent, permitting limited discovery is appropriate.

4. **Standard of Review:** On or before **September 24, 2026,** the parties shall file a statement of the appropriate standard of review in this case. If the parties agree as to the applicable standard, they may file a stipulation to that effect in lieu of separate statements.

5. **Cross Motions for Summary Judgment:** Beginning **October 23, 2026,** the parties shall file cross motions for summary judgment, and briefs in support, to reverse or affirm the administrator's decision. The briefing schedule is as follows:

   a. Plaintiff's motion to reverse the administrator's decision and brief in support, not to exceed **20 pages,** are due by **October 23, 2026.** Plaintiff shall also file a joint appendix containing all plan documents and the administrative record on that date.

b.  Defendant's motion to affirm the administrator's decision and combined brief in support of its motion and brief in opposition to Plaintiff's motion, not to exceed **20 pages,** due by **November 23, 2026.**

c.  Plaintiff's combined reply in support of its motion and brief in opposition to Defendant's motion, not to exceed **10 pages,** due by **December 7, 2026.**

d.  Defendant's reply in support of its motion, not to exceed **10 pages,** due by **December 21, 2026.**

/s/ *W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:  All Counsel of Record